Citation Nr: 1607901 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 98-09 304 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for residuals of pneumonia.

2. Entitlement to service connection for residuals of pneumonia.

(The issues of entitlement to special monthly compensation based on the need for aid and attendance of another or housebound status; entitlement to an effective date earlier than November 20, 1997, for the grant of service connection for panic disorder with agoraphobia; entitlement to an initial rating in excess of 30 percent from November 20, 1997, to December 29, 2009, for panic disorder with agoraphobia; entitlement to an initial rating in excess of 70 percent since December 30, 2009, for panic disorder with agoraphobia; and entitlement to an effective date earlier than December 30, 2009, for the grant of a total disability rating based on individual unemployability, are the subject to another Board decision with the same docket number.)



REPRESENTATION

Appellant represented by: New Jersey Department of Military and Veterans' Affairs


ATTORNEY FOR THE BOARD

D. Cherry, Counsel


INTRODUCTION

The Veteran served on active duty from August 1965 to August 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 1998 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey, which determined that new and material evidence to reopen a claim for service connection for residuals of pneumonia had not been received.

The Board issued a decision in May 2002 denying the claim on appeal. The Veteran appealed that decision, and the United States Court of Appeals for Veterans Claims (Court) issued a January 2005 Order vacating the May 2002 Board decision and requiring the Board to remand the case for additional development. The Board accordingly remanded the case in June 2005 and again in May 2006. 

The RO last denied the reopening of a claim of entitlement to service connection for residuals of pneumonia in a January 2009 supplemental statement of the case. In January 2009, the RO recertified this issue for appeal but did not include this issue in the September 2014 certifications. In any event, this issue is still pending and before the Board.

In May 2008, the Veteran appointed an attorney for entitlement to service connection for an acquired psychiatric disorder and any downstream elements to include initially assigned ratings, effective dates, and entitlement to a total disability rating based on individual unemployability. In September 2012, the Veteran appointed the New Jersey Department of Military and Veterans' Affairs as his representative. 

In November 2015, the Board asked the Veteran's attorney whether he represented the claimant in the issues of whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for residuals of pneumonia and entitlement to special monthly compensation based on the need of aid and attendance of another or housebound status. In January 2016, the attorney indicated that his representation was limited to the following issues: entitlement to special monthly compensation based on the need for aid and attendance of another or housebound status; entitlement to an effective date earlier than November 20, 1997, for the grant of service connection for panic disorder with agoraphobia; entitlement to an initial rating in excess of 30 percent from November 20, 1997, to December 29, 2009, for panic disorder with agoraphobia; entitlement to an initial rating in excess of 70 percent since December 30, 2009, for panic disorder with agoraphobia; and entitlement to an effective date earlier than December 30, 2009, for the grant of a total disability rating based on individual unemployability. Therefore, the New Jersey Department of Military and Veterans' Affairs is the representative for the issue of whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for residuals of pneumonia. 

Since the issues on appeal have two representatives, the issues of entitlement to special monthly compensation based on the need for aid and attendance of another or housebound status; entitlement to an effective date earlier than November 20, 1997, for the grant of service connection for panic disorder with agoraphobia; entitlement to an initial rating in excess of 30 percent from November 20, 1997, to December 29, 2009, for panic disorder with agoraphobia; entitlement to an initial rating in excess of 70 percent since December 30, 2009, for panic disorder with agoraphobia; and entitlement to an effective date earlier than December 30, 2009, for the grant of a total disability rating based on individual unemployability, are the subject to another Board decision with the same docket number. In light of the above, the issues are as stated on page one of this decision.

The Board is reopening the issue of entitlement to service connection for residuals of pneumonia. The issue of entitlement to service connection for residuals of pneumonia is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an unappealed November 1987 rating decision, a RO denied a claim of entitlement to service connection for residuals of pneumonia.

2. The evidence associated with the claims file since the November 1987 rating decision raises a reasonable possibility of substantiating the claim of entitlement to service connection for residuals of pneumonia.


CONCLUSION OF LAW

The November 1987 rating decision denying entitlement to service connection for residuals of pneumonia is final. New and material evidence sufficient to reopen the claim of entitlement to service connection for residuals of pneumonia has been received. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000

Given the fact that the Board is reopening this claim and remanding the issue for further development, it is not necessary to review whether VA has fully complied with the Veterans Claims Assistance Act of 2000 (VCAA).

Governing law and regulations

A rating decision becomes final and is not subject to revision on the same factual basis unless a notice of disagreement and substantive appeal are filed within the applicable time limits. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103 (2015). 

If a claim has been previously denied and that decision is final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C.A. § 5108.

VA must review all of the evidence submitted since the last final decision in order to determine whether the claim may be reopened. See Hickson v. West, 12 Vet. App. 247, 251 (1999). For purposes of determining whether new and material evidence has been received to reopen a finally adjudicated claim, the evidence will be presumed credible. Kutscherousky v. West, 12 Vet. App. 369, 371 (1999).

New evidence means existing evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a). Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. Id.

Analysis

In November 1987, a RO denied a claim of entitlement to service connection for residuals of pneumonia on the basis that the Veteran did not have any current residuals of pneumonia.

The evidence of record consisted of the Veteran's service treatment records. The service treatment records show that the appellant was hospitalized in May 1968 for bronchopneumonia. 

The evidence added to the record since the November 1987 rating decision includes statements from private doctors. In a May 2006 statement, Dr. L. opined that the Veteran had residual effects of a near-fatal episode of pneumonia in 1966. Furthermore, in another May 2006 statement, Dr. P. opined that the claimant's asthma is service-connected. This evidence relates to an unestablished fact necessary to substantiate his claim, which is evidence of current residuals of pneumonia. Thus, the evidence is considered new and material, and the claim is reopened.


ORDER

New and material evidence has been received to reopen a claim of entitlement to service connection for residuals of pneumonia.


REMAND

In light of the Board's reopening of the claim of entitlement to service connection for residuals of pneumonia, the AOJ should review the claim on a de novo basis.

The statements of Drs. L. and P. are based on the Veteran's reporting of his in-service bout of pneumonia and his assertion that his asthma started after that episode. A VA examination and medical opinion are necessary to determine whether a current chronic lower respiratory disorder is related to the in-service pneumonia.

The Veteran's service treatment records show that he was hospitalized for pneumonia in May 1968. The RO in 2000 attempted to obtain clinical records from the in-service hospitalization, but the possible dates for the search were listed as being from January 1967 to March 1967. Since the evidence shows that the appellant was not hospitalized until May 1968, another attempt to obtain clinical records should be made.

The Veteran has received recent VA treatment as well as in 2006. The RO has obtained VA treatment records from March 2012 to January 2013 and from December 2013 to September 2014. The RO should obtain all records from the VA New Jersey Health Care System from October 2014 to the present, 2013, and prior to April 2012 to include all records from December 2009 to March 2012 and from 2006 and earlier.

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify all treatment for his residuals of pneumonia and obtain any identified records. Regardless of the claimant's response, the RO should obtain all records from the VA New Jersey Health Care System from October 2014 to the present, 2013, and prior to April 2012 to include all records from December 2009 to March 2012 and from 2006 and earlier.

2. The RO should attempt to obtain the clinical records from the May 1968 hospitalization at the United States Army Hospital in Wurzburg, Germany.

3. Thereafter, schedule the Veteran for an examination to determine the nature of his lower respiratory disorder. The claims folder is to be made available to the examiner to review. The examiner should ask the appellant to provide detailed history of his chronic lower respiratory disorder.

For any current chronic lower respiratory disorder, an examiner should opine whether it is at least as likely as not (50 percent or greater probability) that that current chronic lower respiratory disorder had its onset during his period of active service, or is related to any event or injury in service, to include the in-service treatment for pneumonia.

A complete rationale for any opinion offered must be provided.

4. Thereafter, the RO must readjudicate the issue on appeal. If the benefit is not granted, the Veteran must be furnished with a supplemental statement of the case, with a copy to his representative, and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs